## The People of the State of Illinois ex rel. Annie Mickarczyk, Defendant in Error, v. Louis Wenglarz, Plaintiff in Error.

### Gen. No. 22,278. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JACOB H. HOPKINS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed October 18, 1916.

### Statement of the Case.

Bastardy proceedings instituted by the People of the State of Illinois *ex rel.* Annie Mickarczyk, plaintiff, against Louis Wenglarz, defendant. To review a judgment entered against him, the defendant prosecutes a writ of error.

FRANK A. RAMSEY, for plaintiff in error.

MACLAY HOYNE, for defendant in error.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

### Abstract of the Decision.

1. BASTARDS, § 22*—*when evidence sufficient to sustain finding that relatrix is unmarried.* Where the relatrix in a bastardy proceeding swore in her complaint that she was unmarried, a finding that she was unmarried was *held* justified in the absence of evidence that she was married.

2. BASTARDS, § 22*—*when evidence sufficient to sustain finding that defendant is father of child.* In a bastardy proceeding, a finding that the defendant was the father of the child, *held* justified where the defendant had not denied that he had had sexual intercourse with the relatrix and the only testimony offered by him tended to show that other men had had sexual intercourse with her about the time of conception, which was denied by the relatrix.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Young v. Cook County et al., 201 Ill. App. 525.

3. EVIDENCE, § 480*—*what is effect of failure of defendant to testify.* The defendant sitting silent during the trial of a bastardy proceeding, *held* a circumstance to be considered against him on the issue as to whether he was the father of the child.